**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7181**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

MAHDI LAWSON,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:13-cr-00702-RWT-1; 8:17-cv-00122-RWT)

Submitted: December 20, 2018                    Decided: December 27, 2018

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mahdi Lawson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mahdi Lawson seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and denying his subsequent motion that the district court construed as an unauthorized successive § 2255 motion. We dismiss, for lack of jurisdiction, the appeal of the district court's order denying Lawson's § 2255 motion because the notice of appeal was not timely filed. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court's order was entered on the docket on April 16, 2018. The notice of appeal was filed on September 5, 2018.[*] Because Lawson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of this order.

Lawson also seeks to appeal the district court's order treating his motion styled as a "Motion to Dismiss (Count III) for Lack of Subject-Matter Jurisdiction" as an unauthorized successive 28 U.S.C. § 2255 motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

2

appealability.  28 U.S.C. § 2253(c)(1)(B) (2012).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  We have independently reviewed the record and conclude that Lawson has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the appeal of this order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*